The Attorney General is in receipt of your request for an Attorney General's Opinion in which you ask the following questions: "(1) Can a municipality that operates under a charter form of government pay professional dues and fees for professional periodicals for employees of that municipality? "(2) Can a non-chartered municipality pay professional dues and fees for professional periodicals?" Your first question concerns the limits of authority imposed upon municipalities operating under a charter form of government. Article XXIII, Section 3 of the Oklahoma Constitution, empowers cities containing a population of more than 2,000 people to "frame a charter for its own government, consistent with and subject to the Constitution and laws of this state . . ." The constitutional provision for home rule charters removes municipal corporations falling thereunder from the control of the Legislature as to municipal or local matters, but not as to matters of general statewide concern. See City of Tulsa v. Johnson, 145 P.2d 198 (Okl. 1943); 11 O.S. 13-109 [11-13-109] (1978). In Adams v. Wolff, 190 P.2d 665 (Calif. 1948), the Court determined that hiring of employees and fixing of salaries in connection with a cities' municipal affairs is not subject to or controlled by the general laws of the State. In Oklahoma, neither the Constitution nor Statutes seek to otherwise control such municipal discretion and the case of State v. Coal, 63 P.2d 730
(Okl. 1936), affirmed such municipal discretion in employment at least in the performance of a municipalities' proprietary functions. As stated in 62 CJS Municipal Corporations, 1837, "in the absence of bad faith or fixation by statute, the governing body of a municipal corporation has power, in the exercise of its judgment and discretion to fix salaries of its employees." As a part of this discretion in compensating employees a chartered municipality is not prohibited from paying that employee's professional dues and fees for professional periodicals. Nonchartered municipalities are governed by the provisions of Title 11 of the Oklahoma Statutes. Since all municipal corporations possess and can exercise only those powers granted in express words or those necessarily or fairly implied or incidental to the powers expressly granted, it is necessary to consult the provisions of Title 11 Oklahoma Statutes, to determine the answer to your second question. The general powers granted a statutory municipality are contained at 11 O.S. 22-101 [11-22-101] et seq. (1978). 11 O.S. 22-101 [11-22-101] delineates general municipal powers and states in part as follows: 11 O.S. 22-101 [11-22-101]. Corporate powers of municipalities. " — All incorporated municipalities shall be bodies corporate and politic, and shall have the powers to: "4. Make all contracts and do all other acts in relation to the property and affairs of the municipality, necessary to the good government of the municipality, and to the exercise of its corporate and administrative powers; and "5. Exercise such other powers as are or may be conferred by law." Among the express powers authorized the respective statutory forms of municipal government is the power to determine the staffing and salary requirements of employees. See 11 O.S. 9-108 [11-9-108], 11 O.S. 10-106 [11-10-106], 11 O.S. 11-108 [11-11-108], 11 O.S. 12-106 [11-12-106] (1978). The compensation respective statutory municipalities choose to provide employees is a municipal matter unless otherwise proscribed by statute or constitutional provision. It is, therefore, the official opinion of the Attorney General that your questions be answered as follows: 1. A municipality that operates under a charter form of government may pay professional dues and fees for professional periodicals as compensation for employees if not otherwise prohibited by provisions of the charter or municipal ordinance. 2. Nonchartered statutory municipalities are not prohibited by the provisions of Title 11 Oklahoma Statutes from providing for the payment of professional dues and fees for professional periodicals as compensation to its employees. (JOHNNY J. AKINS) (ksg) ** SEE: OPINION NO. 90-678 (1990) (UNPUBLISHED) **